UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| FIN-AG, INC., | ) | CIV. 08-4141-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANTS' MOTION TO |
| | ) | CONSOLIDATE ACTIONS AND |
| NAU COUNTRY INSURANCE CO., | ) | FOR CHANGE OF VENUE |
| STROUD NA, and | ) | |
| JUDY ROOSA, d/b/a ROOSA | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, NAU Country Insurance Co. (NAU), Stroud NA (Stroud) and Judy Roosa (Roosa), move to consolidate this case with another related civil case pending in the District of South Dakota, Western Division. Plaintiff, Fin-Ag, Inc., opposes defendants' motion for consolidation and for change of venue. The motion for consolidation and change of venue is denied.

**DISCUSSION**

**I.    Motion to Consolidate**

Defendants move to consolidate this action with O'Daniel v. Stroud NA and Roosa, Civ. 05-5089. Defendants argue that consolidation of these two cases is appropriate because if coverage exists under the NAU policy, there can only be one recovery by either O'Daniel or Fin-Ag. Defendants assert that the NAU policy for FO-20 indicates that Fin-Ag has no greater rights under the NAU policy than O'Daniel. Defendants further point out

that O'Daniel has assigned any claim he may have against NAU, Roosa, and Stroud to Fin-Ag in his approved bankruptcy plan.  Finally, defendants argue that they would be required to simultaneously defend two lawsuits arising from the same alleged acts and occurrences, which could result in the entry of two separate judgments for the same loss.  Fin-Ag opposes the motion and argues that it is entitled to coverage under the NAU insurance policy for the theft of O'Daniel's cattle because it is not subject to the exclusions under the NAU policy that have been applied against O'Daniel.

The court has authority to consolidate cases pursuant to Fed. R. Civ. P. 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

" 'The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.' " Bendzak v. Midland Nat'l Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)).  The purpose of consolidation is "to avoid unnecessary cost or delay." Id.  "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).  The district court has broad discretion in determining whether to

consolidate cases containing a common question of fact or law. See Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

Here, the two cases arise from the same factual situation. Fin-Ag loaned money to O'Daniel for his cattle operation and the loans were secured by O'Daniel's cattle. The terms and conditions of the loans to O'Daniel included the requirement that he maintain insurance coverage on his cattle. In 2001, O'Daniel placed his cattle with Midwest Feeders, a third party responsible for feeding the cattle, and O'Daniel sought insurance coverage, including coverage for theft of his cattle. Roosa obtained insurance coverage for O'Daniel through Stroud with NAU. Fin-Ag was identified in the policy declarations as a party with a security interest in O'Daniel's cows and calves. In September 2002, O'Daniel discovered that some of his cattle were missing from Midwest Feeders. Both O'Daniel and Fin-Ag gave notice of the loss and submitted a claim to Roosa, Stroud, and NAU. NAU denied coverage. Further, the two cases also present some of the same causes of action. Under the claims remaining in the Western Division action, O'Daniel asserts that defendants Roosa and Stroud engaged in negligent misrepresentation and negligent procurement. In the Southern Division action, Fin-Ag asserts that defendants NAU, Stroud, and Roosa breached the terms and conditions of the insurance contract and did so in bad faith. In the alternative, Fin-Ag maintains that defendants engaged in

fraud and misrepresentation, negligent misrepresentation, deceit, and negligent procurement.  Also, in the alternative, Fin-Ag requests relief consistent with equitable estoppel and revision/reformation of contract.  As a result, the court will likely be confronted with some similar factual and legal issues in the two cases.  The court thus finds that it has the power pursuant to Rule 42(a) to consolidate the cases.

Next, the court must determine whether consolidation is appropriate because "the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation."  9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2383 (2008).  In fact, "there are many reasons why a district court judge may deny a request for consolidation of separate cases."  Id.  "For example, a motion under Rule 42(a) may be denied if . . . consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases."  Id.  Additionally, "the district court may deny consolidation when one of the actions has proceeded further in the discovery process than the other."  Id.

Consolidation of the two cases would cause delay in the processing of O'Daniel's case.  O'Daniel initially filed his lawsuit in state court over three years ago on September 2, 2005, and defendant NAU subsequently removed

the case to federal court. On August 8, 2006, almost one year after the lawsuit was filed, O'Daniel filed an amended complaint. The court originally ordered that all discovery be completed by November 1, 2006. Since the initial scheduling order, O'Daniel has moved to amend the scheduling order once and the parties have submitted three stipulations to amend the scheduling order. As a result of those extensions, the discovery in that case was completed by July 21, 2008, and summary judgment motions were filed on August 21, 2008. The court granted in part and denied in part Roosa and Stroud's second motion for summary judgment and a trial has been scheduled to commence on March 31, 2009.

In contrast, Fin-Ag filed its complaint/declaratory judgment action on September 2, 2008, exactly three years after O'Daniel initially filed his lawsuit. In the Fin-Ag case, defendant NAU moved to dismiss and, consequently, the court has not issued a scheduling order setting forth deadlines. If the court were to consolidate the cases, the O'Daniel case, which has been pending for three years, has completed discovery and pretrial motions, and is scheduled for trial, would be unreasonably delayed by the Fin-Ag case, which has been pending for a mere four months, has no scheduling order dictating deadlines for discovery and pretrial motions, and is not ready to be set for trial. Accordingly, the court finds that

5

consolidation is not appropriate due to the unreasonable delay it would cause O'Daniel's case.

Further, consolidation may lead to confusion. Because the court in the O'Daniel case granted NAU's motion for summary judgment and denied O'Daniel's motion for reconsideration, the two cases involve different defendants. O'Daniel's case includes two defendants, Roosa and Stroud. Although NAU filed a motion to dismiss, Fin-Ag's case currently names three defendants, NAU, Roosa, and Stroud. Because NAU was the insurance company insuring O'Daniel, as the insured, and Fin-Ag, as the secured creditor, the fact that Fin-Ag's case includes NAU as a defendant may cause confusion as to why NAU could potentially be held liable in Fin-Ag's case and not in O'Daniel's case. Additionally, the claims pending against the defendants differ in both cases. In O'Daniel's case, the only remaining claims are negligent misrepresentation and negligent procurement. In the Fin-Ag case, the claims include breach of contract, and in the alternative, fraud, negligent misrepresentation, deceit, negligent procurement, equitable estoppel, and reformation of a contract. Thus, the courts finds that consolidation is not proper as it may cause confusion with regards to the liability of the different defendants on differing claims in each individual case.

Finally, O'Daniel's case has proceeded further in the discovery process than Fin-Ag's case. As mentioned above, the discovery in O'Daniel's case is completed, while the parties in Fin-Ag's case have only recently, if at all, commenced discovery. Because the cases are at much different stages of preparation and litigation, consolidation would cause further delay and, thus, is not appropriate. In sum, the court finds that consolidation of the two cases is not proper because it would cause delay in O'Daniel's case and would lead to confusion.

## II.   Motion for Change of Venue

Defendants also move to change venue pursuant to 28 U.S.C. §§ 1404(a) and 1404(b), arguing that because O'Daniel, an essential witness and party, and his counsel live in the Western Division, it would be more convenient for the court in the Western Division to hear both cases. Fin-Ag opposes the motion to transfer venue. Fin-Ag argues that a substantial part of the events or omissions giving rise to its claim occurred in the Southern Division and, thus, venue is proper there. Fin-Ag further argues that the court should give deference to its choice of forum and that the residence of O'Daniel should not determine which court will proceed over its case.

Under 28 U.S.C. § 1404(b), "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the

division in which pending to any other division in the same district." Here, the court finds that transfer under 28 U.S.C. § 1404(b) is not appropriate because all the parties to this action have not consented. Defendants also seek transfer based on 28 U.S.C. § 1404(a) which provides for change of venue "[f]or the convenience of parties and witnesses, in the interest of justice." The court finds that defendants have not made a sufficient showing that a transfer to the Western Division would meet the interests of justice and promote judicial economy. Based on the foregoing, it is hereby

ORDERED that defendants' motion to consolidate actions (Docket 11) is denied.

Dated January 6, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE